**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
JOSE SEVERINO, *individually and on behalf of*
*others similarly situated,*

                              *Plaintiff*,                    **20-cv-07235-GHW**

        -against-

KIANELY WINES & LIQUORS INC. (D/B/A
KIANELY LIQUOR STORE), EULOGIO ESPINAL
and MIRIAM ESPINAL
                       *Defendants.*
----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

Plaintiff Jose Severino, by counsel, submits this memorandum of law in support of his application for a default judgment pursuant to Fed. R. Civ. P. 55(b) (2) and Local Rule 55.2(b). The pertinent facts, which compel the relief requested, are stated in the accompanying declaration of Michael Faillace and accompanying exhibits, and in Plaintiff's declaration in support, and are cited below.

## I.     STATEMENT OF FACTS

1.      The following facts are taken from the declaration of Jose Severino ("Severino Dec.", **Exhibit I**), the declaration of Michael Faillace ("Faillace Dec."), and exhibits annexed thereto, and the docket in this action.[1]

2.      Plaintiff commenced this action on September 4, 2020.  This is an action for unpaid minimum and overtime wages, liquidated damages, wage notice and statement violations, costs and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*, the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. Faillace Dec. ¶¶ 1-2; **Ex. A**. Docket Entry ("DE") 1.  Copies of the Summons and Complaint were served pursuant to Fed. R. Civ. P. 4(h) (1)(B) on Defendant Kianely wines & Liquors on September 17, 2020 by personally serving Jeally Duran, an authorized agent within the business. Copies of the Summons and Complaint were served on Eulogio Espinal on September 11, 2020 pursuant to Fed. R. Civ. P.  4(e) (1) and New York C.P.L.R. § 308(2), by delivering the Summons and Complaint to Jane Doe, a person of suitable age and discretion at the Defendant's actual place of business and mailing copies of each to Defendant Eulogio Espinal in accordance with the requirements of New York CPLR § 308(2). Copies of the Summons and Complaint were served on Miriam Espinal on September 11, 2020 pursuant to Fed. R. Civ. P.  4(e) (1) and New York C.P.L.R. § 308(2), by delivering the

---

[1] The exhibits attached to the Faillace Dec. shall hereinafter be styled as "**Ex. ___.**"

Summons and Complaint to Jane Doe, a person of suitable age and discretion at the Defendant's actual place of business and mailing copies of each to Defendant Miriam Espinal in accordance with the requirements of New York CPLR § 308(2 **Exs. B**, **D**, and **F** respectively.  Proof of such service as to Defendants thereof was filed on October 2, 2020 and October 5, 2020, respectively. DE 10-12.

3.       The Defendants failed to answer the Complaint.  On November 30, 2020, the clerk of the Court issued a certificate of default for Defendant Eulogio Espinal.  *Id.* ¶ 3; **Ex. C.**  On November 30, 2020, the clerk of the Court issued a certificate of default for Defendant Miriam Espinal. **Ex. E**.  On November 30, 2020, the clerk of the Court issued a certificate of default for Defendant Kianely Wines & Liquors Inc. **Ex. G**.

4.       As alleged in the Complaint and accompanying affidavits, Plaintiff is a former employee of Defendants.  **Exhibit A** ¶¶ 1, 14, 30; **Exhibit I** ¶¶ 3. Defendants own(ed), operate(d), and control(led) a liquor store, located at 1441 University Ave, Bronx, NY 10452 under the name "Kianely Wines & Liquors." **Ex. A** ¶ 2; **Ex. I** ¶ 3.  Defendants Eulogio Espinal and Miriam Espinal had the power to hire and fire the Plaintiff, control Plaintiff's terms and conditions of employment, and determine the rate and method of Plaintiff's compensation.  **Exhibit A** ¶ 18, 19, 27; **Exhibit I** ¶ 6.

5.       At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activities that affect interstate commerce. **Exhibit A** ¶¶ 29, 34.  The gross annual volume of sales made by Defendants, in each year from 2018 to 2019, was not less than $500,000.  **Exhibit A** ¶ 28.

*Plaintiff Jose Severino*

6.      Plaintiff Jose Severino was employed by Defendants as a store keeper from approximately November 14, 2014 until on or about February 26, 2020.  (**Exhibit A ¶¶** 32-33; **Exhibit I ¶¶** 4-5)

7.      Plaintiff Severino's work did not require discretion or independent judgment. (**Exhibit A ¶** 35)

8.      From approximately November 14, 2014 until on or about September 15, 2016, Plaintiff Severino worked from approximately 9:00 a.m. until on or about 12:00 a.m., Mondays through Saturdays and from approximately 12:00 p.m. until on or about 9:00 p.m. on Sundays (typically 99 hours per week). (**Exhibit A ¶** 37; **Exhibit I ¶** 9)

9.      Throughout his employment, Plaintiff Severino was not paid any wages for his work. (**Exhibit A ¶** 40; **Exhibit I ¶** 12)

10.      Defendants did not provide Plaintiff Severino with any statement of wages together with each wage payment. (**Exhibit A ¶** 44; **Exhibit I ¶** 13)

11.      Defendants did not provide Plaintiff Severino with a written notice, in English or in Arabic (his primary language), of his rate of pay, employer's regular pay day, or any such other information relating to his compensation.  (**Exhibit A ¶** 45; **Exhibit I ¶** 14)

## II.      LEGAL AUTHORITY FOR WHY AN INQUEST WOULD BE UNNECESARY

12.      Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages.

13.      Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).  "While Rule 55(b)(2) permits the district court to conduct a hearing to determine

damages, such a hearing is not mandatory." <u>Id</u>. "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" <u>Id</u>. (quoting <u>Tamarin v. Adam Caterers, Inc</u>., 13 F.3d 51, 54 (2d Cir. 1993)).

14.     For the case at bar, "there is no need for an inquest here." <u>Olvera v Los Taquitos Del Tio Inc</u>., 2015 US Dist LEXIS 75880, at *3 [EDNY June 11, 2015]. "Plaintiff's affidavit constitutes adequate proof of his damages." <u>Id</u>. "There is no point in having him appear to repeat his hours and conditions of work as set forth in [the plaintiff's] affidavit. Plaintiff has accurately computed the … damages." <u>Id</u>.

15.     Based on the evidence Plaintiff put forward, damages, including unpaid wages and overtime, liquidated damages, prejudgment interest, can be calculated and should be awarded in the amount of $807,201.68, plus prejudgment interest and attorneys' fees and costs. <u>See</u> e.g. <u>Herrara v 12 Water St. Gourmet Café</u>, 2016 US Dist LEXIS 25565, at *12 [SDNY Feb. 29, 2016, No. 13-CV-4370 (JMF)(RLE)] ("a hearing is not necessary where extensive documentary evidence is available").

### III.     PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT

16.     It is well settled that defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted). Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired.  Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment.

4

a.      Unpaid Minimum and Overtime Wages

17.      When an employee is subject to both the federal and state wage laws, the employee is entitled to the provisions of each law which provide the greater benefits. See e.g. Davis v 2192 Niagara St., LLC, 2016 US Dist LEXIS 98351, at *31, n 10 [WDNY July 26, 2016, No. 15-CV-00429A[F]]; see also e.g. Copantitla v Fiskardo Estiatorio, Inc., 788 F Supp 2d 253, 290 [SDNY 2011].

18.      At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $7.25 per hour. Employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). As of December 31, 2016, the New York Minimum wage rate for small employers in New York City was $10.50 per hour; it further increased to $12.00 per hour as of December 31, 2017; it further increased to $13.50 per hour as of December 31, 2018; it further increased to $15.00 per hour as of December 31, 2019. 12 N.Y.C.R.R. 142-2.1. New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week.  12 N.Y.C.R.R. 142-2.2. The regular rate is the rate an employee is regularly paid for each work hour.  12 N.Y.C.R.R. § 142-2.16.

19.      Under the New York Minimum Wage Order for Miscellaneous Industries and Occupations, "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."  12 NYCRR § 142-2.2; see also 29 U.S.C. § 207[a] [1].

20.      Here, Plaintiff was not paid overtime at the rate of one-and-a-half times his regular rate.   Defendants failed to pay Plaintiff any wages for the time he was employed with Defendants. Here, Plaintiff was not only not paid overtime at the rate of one-and-a-half times his regular rate.  Rather, he was not paid at all for his wages.

21.    In addition, under the New York Minimum Wage Order for Miscellaneous Industries and Occupations, all employees are entitled to a spread of hours pay. The spread of hours is the "interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty." 12 N.Y.C.R.R. § 142-2.18.

22.    Here, Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours, in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. §§ 142-3.4.

23.    The onus is on an employer to maintain records of employees' hours worked and wages paid. 29 U.S.C. §211(c). 12 N.Y.C.R.R. 142-2.6. "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." Zeng Liu v. Jen Chu Fashion Corp, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004). As Defendants are in default and therefore produced no records, Plaintiff relies on his declaration to substantiate the hours he worked and pay he received.

24.    Accordingly, Plaintiff is entitled to $332,044.00 in unpaid minimum, overtime wages, and spread of hours, from the Defendants. **Exhibit H**.

    b.    <u>Violations of Wage Notice and Statement Requirements</u>

25.    Defendants never provided Plaintiff with a wage notice at the start of his employment or annually, or a wage statement with each payment of wages as required by NYLL §§ 195(1) and 195(3).

26.    Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.

    c.    <u>Liquidated Damages</u>

27.     The FLSA and NYLL provides for a liquidated damages award "'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'"  McLean v. Garage Management Corp., 2012 U.S. Dist. LEXIS 55425 at *21 (S.D.N.Y. April 19, 2012) (quoting NYLL §198(1-a)).  See 29 U.S.C. § 216[b] ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"); Jiaren Wei v Lingtou Zhengs Corp., 2014 US Dist LEXIS 182325, at *1 [EDNY Dec. 3, 2014, No. 13 CV 5164 [FB]]] (quoting N.Y. Lab. Law § 663[1])2.

28.     This is the same as the FLSA's good-faith standard for liquidated damages.  In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden.  Until April 9, 2011, liquidated damages under New York law were 25% of the unpaid wages.  Since April 9, 2011, they are 100% of the underpayments.  N.Y. Lab. Law §663(1); see also Pinovi v. FDD Enters., 13-cv-2800 (GBD), 2015 U.S. Dist. LEXIS 89154, *15 (S.D.N.Y. July 8, 2015).

29.     Given the uncontroverted evidence, Defendants cannot meet their burden to establish good faith.  Accordingly, Plaintiff is entitled to liquidated damages, computed at 100% of the unpaid minimum, overtime wages, and spread of hours as set forth in the damages calculation annexed hereto as **Exhibit H**.

30.     Accordingly, Plaintiff is entitled to liquidated damages of $347,548.00 on his unpaid minimum, overtime wages, and spread of hours.

        d.      Statute of Limitations

---

2 The employer can make this award discretionary by a showing of good faith. 29 U.S.C. § 260. Since Defendants are in default, they cannot meet this burden.

7

31.     Plaintiff is entitled to a three-year limitations period under the FLSA and a six-year limitations period under the NYLL. A willful violation triggers a three-year statute of limitations for FLSA claims and a six-year statute of limitations for Plaintiff's NYLL claims. 29 U.S.C. § 255(a); N.Y. Lab. Law §§ 198(3), 663(3). A violation is "willful" if the employer either knew or showed "reckless disregard as to whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 286 U.S. 128, 133 (1988). Willfulness is also established when an employer fails to investigate whether its compensation policy was legal. See Hardrick v. Airway Freights Systems, Inc., 63 F. Supp. 2d 898, 904 [N.D.Ill. 1999]; Alvarez v. IBP, Inc., 339 F.3d 894, 909 [9th Cir. 2003], aff'd, 126 S.Ct. 514 [2005] (upholding the three-year statute of limitations because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

32.     In the present matter, irrespective of a finding of willfulness3, the Plaintiff's claims are covered from the latter of either November 14, 2014, the earliest date of his employment to the end of his employment with the Defendants (February 26, 2020).

    e.     Prejudgment Interest

33.     Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent [9%] per annum simple interest. See Perero v. Food Jungle, Inc., No. 05 Civ 4347, 2006 WL 2708055, at *8 [E.D.N.Y. Aug. 7, 2006]. As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed

---

3 For the sake of completeness, it may be noted that Defendants are in default and therefore cannot oppose the finding of willfulness. Defendants should have been aware of the existence of the FLSA and its overtime requirements. Furthermore, even if Defendants did not know of the FLSA, Defendants' actions are still willful because there is no evidence that Defendants investigated whether their compensation policy was legal. See Hardrick, 63 F. Supp. 2d at 904; Decraene v. Neuhaus (U.S.A.), Inc., 2005 U.S. Dist. LEXIS 10836 at *23-*24 [S.D.N.Y. 2005]; Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 340 [S.D.N.Y. 2005] ("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages") (internal quotations omitted).

. . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001[b]. When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date. See Perero, 2006 WL 2708055, at *8; Koylum, Inc. v. Peksen Realty Corp., 357 F. Supp. 2d 593, 597 [E.D.N.Y.], aff'd in pertinent part and vacated in part, 160 Fed.Appx. 91 [2d Cir. 2005].

34.    Accordingly, prejudgment interest on unpaid minimum wages, overtime wages, and spread of hours for Plaintiff is calculated from July 6, 2017 for a total of $102,105.60.

f.    Attorneys' Fees and Costs

35.    The FLSA and New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); See N.Y. Labor Law § 663(1) (an employee may recover costs and reasonable attorney's fees).

36.    Plaintiff incurred costs and attorneys' fees in pursuing this action and seeks an award of reasonable attorneys' fees and costs. The attorneys' fees and costs total $5,452.78 including a filing fee of $400.00 and fees associated with serving the Defendants with the Summons and Complaint.

37.    "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 186 [2d Cir. 2008]. Prior to Arbor Hill, this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." Id. at 183. It is "well established that 'any attorney ... who applied for court-ordered compensation in this Circuit ... must

document the application with contemporaneous time records ... specifying, for each attorney, the date, the hours expended, and the nature of the work done.'" Cesario v BNI Constr., Inc., 2008 US Dist LEXIS 103155, at *19 [SDNY Dec. 15, 2008] (quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 [2d Cir. 1983]). While reviewing the records, the Court should make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 [2d Cir.1994]. The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 [2d Cir. 1992] (citation omitted). However, in considering the records, the Court should not "engage in 'an ex post facto determination of whether attorney hours were necessary to the relief obtained.'" Cesario, 2008 U.S. Dist. LEXIS 103155, at *20 (quoting Grant, 973 F.2d at 99]). While the Court may exclude hours from the calculation that are "excessive, redundant, or otherwise unnecessary," Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 [1983], "[t]here is no precise rule or formula for making these determinations," Id. at 436. Plaintiff's attorney has submitted a compilation of contemporaneous time records for the Court's consideration on this motion. **Exhibit K** (Plaintiff's counsel's contemporaneous time and cost records).

38.     The Court should find that all attorney hours spent on this case were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee. With respect to figuring a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." Arbor Hill, 522 F.3dat 184. The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA N.Y. City Transit Auth., 457 F.3d 224, 232 [2d Cir. 2006] [citation omitted]. In considering the appropriate

rate, the Court may also use its own knowledge of the relevant market. See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96-97 [2d Cir. 2006].

39.     A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, in the form of this firm's standard billing sheet is attached to the Faillace Dec. as **Exhibit K**.

   g.     <u>Additional Damages</u>

40.     Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

   **IV.     <u>CONCLUSION</u>**

41.     For the reasons stated above and in the accompanying affirmation, affidavit, and exhibits, the Plaintiff's application for a default judgment should be granted in its entirety.

Dated: New York, New York
        February 11, 2020

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                        /s/ Michael Faillace
                                        Michael Faillace, Esq.
                                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                                        One Grand Central Place
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Tel: (212) 317-1200
                                        Fax: (212) 317-1620
                                        Email: michael@faillacelaw.com
                                        *Attorneys for Plaintiff*